IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CASE NO. 2:14-CV-00048-RLV

| LISA G. KISSELBURG, | ) |  |
|---|---|---|
| **Plaintiff,** | ) | |
| v. | ) | **ORDER** |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ) | |
| **Defendant.** | ) | |

**BEFORE THE COURT** is Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) (the "Motion"). (Doc. 18). Defendant filed a response to the Motion, in which "Defendant neither supports nor opposes Plaintiff's counsel's request." (Doc. 20 at 1). For the reasons stated below, the Motion is **GRANTED**.

By previous order of this Court, attorney's fees in the amount of $5,171.26 were awarded to Plaintiff's counsel pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 17). In the present Motion, Plaintiff's counsel seeks an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b), which provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." It appears from the record that the Social Security Administration ("SSA") has awarded a total of $57,228.00 in back benefits to the Plaintiff on account of her disability. (Doc. 18-1 at 3). According to the Plaintiff's fee agreement with her attorney, Plaintiff's counsel is entitled to fees amounting to 25% of this award,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is hereby substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action need be taken. *See* 42 U.S.C. § 405(g).

1

or $14,307.00. (Doc. 18-2 at 1). However, Plaintiff also entered into representation agreement with Timothy J. Peters of Integrated Benefits, Inc., and agreed to pay Peters 25% of any past-due benefits awarded or $3,500.00, whichever was less. (Doc. 9-3 at 17). Therefore, Plaintiff's counsel seeks an award of attorney fees of 25% of the benefits awarded by the SSA (or $14,307.00) less the $3,500.00 previously paid to Peters, which amounts to $10,807.00. (Doc. 18 at 1-2).

Upon application, courts should review contingency fee agreements, such as the one at bar, under a reasonableness standard. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002); *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005). In reviewing the reasonableness of such agreements, a court should consider the following factors: (1) the overall complexity of the case; (2) the lawyering skills necessary to handle it effectively; (3) the risks involved; and (4) the significance of the result achieved. *See Mudd*, 418 F.3d at 428. When attorney's fees are awarded under both the Equal Access to Justice Act and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant. *See Gisbrecht*, 535 U.S. at 796.

Here, the Court notes that the Defendant neither opposes nor supports the requested fee, as Defendant represents she has "no direct financial stake in the outcome of this motion." (Doc. 20 at 1). Plaintiff has filed documentation to demonstrate the result achieved by counsel—a fully favorable decision awarding substantial back benefits. [Doc. 18, 18-1]. The Court has carefully reviewed this evidence, and considering the record and case as a whole, finds that the fee requested is less than 25% of the back benefits awarded the Plaintiff and is a reasonable fee under the circumstances. *See*, *e.g.*, *Harlan v. Colvin*, No. 3:12-CV-443-GCM-DCK, 2016 WL 818713, at *1 (W.D.N.C. Mar. 2, 2016).

**IT IS, THEREFORE, ORDERED THAT** Plaintiff's counsel is awarded a fee in the amount of $10,807.00 pursuant to 42 U.S.C. § 406(b), and is hereby ordered to refund the sum of $5,171.26 previously paid to counsel under EAJA.

Signed: May 12, 2017

Richard L. Voorhees
United States District Judge